UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE BRIDGESTONE/FIRESTONE, INC<br>TIRES PRODUCT LIABILITY LITIGATION | Master File No. IP00-9373-C-B/S<br>MDL No. 1373 |

GINA SANTANGELO, et. al,   )
                          )
      Plaintiffs,          )
                          )   IP01-C-5369-B/S
   vs.                    )
                          )
BRIDGESTONE/FIRESTONE INC., et. al,   )
                          )
      Defendants.          )
                          )

**ORDER ON PENDING MOTIONS**
(Master Docket Nos. 3773 and 3803)

This cause is before the Court on Plaintiff Brandon Bosclair's Motion for Reconsideration of Order Granting Motion to Strike Expert Opinions and Request for Sanctions, filed on May 25, 2007, and Plaintiff's Motion for Reconsideration of Magistrate Judge Stinson's Order of June 25, 2007, filed on July 5, 2007. For the reasons detailed in this entry, we **DENY** both motions.

**Factual Background**[1]

On May 11, 1998, the 1996 Ford Explorer driven by Plaintiff Brandon Bosclair's

---

[1] The facts underlying this action will be repeated here only to the extent necessary to provide the factual underpinnings for the issues presented by the motions now before the Court. For a full recitation of the facts, see Santangelo v. Bridgestone/Firestone, Inc., 287 F. Supp. 2d 929 (S.D. Ind. 2003).

("Brandon") mother overturned on a California highway, following an apparent tire tread separation. Brandon's mother and half-brother were killed. Brandon (who was a year and a half old at the time) and Gina Santangelo,[2] his half-sister and co-plaintiff in this action, both suffered injuries.

Shortly after the accident, Ms. Santangelo retained attorneys Jim Gentile and John Crookham to represent her. Mr. Crookham obtained the accident report (which noted that the left rear tire had suffered a tread separation), numerous photographs, and the subject vehicle's tires, all of which he submitted to H.R. Baumgardner, a tire failure analyst, to inspect in June 1998. Mr. Baumgardner inspected the tire and the other materials and issued his conclusions in August 1998. According to Mr. Baumgardner, he orally reported to Mr. Crookham that the subject tire *was* defective. However, Mr. Crookham contends that Mr. Baumgardner told him that the subject tire *did not* manifest any defect. In any event, several months later, Mr. Crookham advised Mr. Baumgardner that the file was closed. After having stored the tires for several months and receiving word from Mr. Crookham that the file had been closed, Mr. Baumgardner had the tires destroyed.

In August 2000, the media widely reported an alleged defect in the Firestone ATX and ATX Wilderness tires. In January 2001, Brandon (by his father), along with Ms. Santangelo, sought out new attorneys (not Mr. Crookham) who, on May 8, 2001, filed suit against Bridgestone/Firestone North American Tire, LLC ("Firestone") and Ford

---

[2] The Court has since ruled that Ms. Santangelo's claims are barred by the applicable statute of limitations. See Santangelo, 287 F. Supp. 2d at 936. Thus, Brandon's claim is the only one remaining before us.

Motor Company[3] on their behalf.  These attorneys engaged Mr. Baumgardner as their tire expert and he produced a written report, based on his inspection of the tires in August 1998, opining that the subject tire was defective and caused the accident.  Plaintiffs supplemented Mr. Baumgardner's report with the report and affidavit of Kenneth Pearl.  Most of Mr. Pearl's report does not pertain specifically to Plaintiffs' case but is simply the core MDL report Mr. Pearl generated in connection with the defect issue.  Plaintiffs also submitted a subsequent affidavit from Mr. Pearl in which he states that he reviewed the accident report, the photographs, and Mr. Baumgardner's report and notes from Plaintiffs' case in reaching the opinion that the subject tire had experienced a tread separation directly related to the defects he had generally noted in his core MDL report.

On March 9, 2007, we issued an order granting Firestone's motion to strike the expert affidavit and report of Mr. Pearl and the expert report of Mr. Baumgartner.  In that entry, we noted that, in light of Plaintiffs' disposal of the tire at issue (the defects of which allegedly caused the accident in question), Firestone was denied the opportunity to physically examine the tire in preparing its defense.  Consequently, if Brandon were permitted to have Mr. Baumgardner testify as his expert, he "would obtain the benefit of the opinion testimony of the one and only expert in the world who can base his opinions on a physical examination of the tire."  Order at 13.  We determined that such a "fundamental disparity in the parties' access to the evidence on which their expert opinions would be based is decidedly prejudicial to Firestone."  Id.  Thus, pursuant to

---

[3] Plaintiffs subsequently settled their claims against Ford Motor Company.

Federal Rule of Evidence 403,[4] we granted Firestone's motion to strike, and allowed Brandon ninety days to identify new experts and to serve new expert reports on Firestone.

On May 25, 2007, slightly more than a week before the 90-day deadline expired, Brandon filed his motion to reconsider the March 9, 2007, Order and also requested that sanctions be imposed on Firestone for having committed a fraud upon the Court. Brandon contends that after our March 9, 2007, ruling, new evidence has come to light which establishes that Firestone misled the Court when it asserted that the disposal of the subject tire prejudiced Firestone by precluding it from inspecting or testing the tire in order to develop its defense. According to Brandon, on May 28, 1998, seventeen days after the accident, Firestone's attorney, Arnold Larson, dispatched Mark Fimbres of Fimbres Adjusters to Barstow, California, to photograph and measure the subject tire, vehicle, and accident scene, without having notified Brandon's family, Ms. Santangelo, or anyone else with an ownership interest in the vehicle. Brandon contends that, as a result of Mr. Fimbres's investigation, Firestone preserved 245 photographs, including 45 photographs of the subject tire itself and 26 photographs of the subject tire tread remnant, and obtained measurements of the tread depth of each of the tires, with the measurements for the subject tire being taken from the separated tread remnant. Brandon claims that these investigative steps taken by Firestone contradict its assertion that it was denied the

---

[4] Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

opportunity to examine or test the tires before they were destroyed.

In light of this new information, Brandon moved for additional time to file his reply brief in support of his motion to reconsider, in order for his attorneys to depose Mr. Fimbres before being required to reply.  On June 25, 2007, Magistrate Judge Stinson denied his request, finding that Mr. Fimbres's name was previously made known to Brandon and that the discovery period had long been closed.  On July 7, 2005, Brandon filed this Motion for Reconsideration of Magistrate Judge Stinson's June 25, 2007, Order denying his request for additional time to file his reply in support of his first motion to reconsider.

## Discussion

### I.     March 9, 2007, Order

The fact that Mr. Fimbres, who is not a tire expert, was apparently dispatched to take photographs and measurements of the missing tires on behalf of Firestone shortly after the accident does not alter our previous analysis of this issue.  Our prior ruling was premised on the prejudice to Firestone created by the fundamental disparity between the *experts'* access to the evidence, namely, that Brandon's expert was able to conduct a physical examination of the tires before they were destroyed, but Firestone was denied the opportunity to have its own expert personally examine the tires.  After careful analysis of both parties' arguments when this issue was originally before us, we determined that it would be unfairly prejudicial to Firestone to allow Brandon the benefit of the testimony

of the only expert who could base his opinions on a physical examination of the tire. Nothing presented by Brandon in his motion for reconsideration alters or eradicates this disparity between the parties' access to the evidence.  Mr. Fimbres is not an expert tire analyst and, while Firestone may have the photographs and measurements of the missing tires at its disposal as a result of his services, it still does not have access to the testimony of an expert who also had an opportunity to personally inspect the subject tire.  We find no justifiable reason to reconsider our prior ruling striking Mr. Baumgardner's and Mr. Pearl's expert testimony and, accordingly, <u>DENY</u> Brandon's Motion for Reconsideration of the March 9, 2007, Order.

## II.     Magistrate Judge Stinson's June 25, 2007, Order

Likewise, we find no grounds to reconsider Magistrate Judge Stinson's denial of Brandon's request for an extension of time to file his reply in support of his first motion for reconsideration so as to allow his attorneys time to first depose Mr. Fimbres.  As Magistrate Judge Stinson noted in her June 25, 2007, Order, discovery had long been closed in this matter when Brandon made his request, and Mr. Fimbres's name had long been known to Brandon and his attorneys throughout the discovery period.  Thus, ample time had existed within the discovery period for Brandon's attorneys to have deposed Mr. Fimbres, had they chosen to do so.  In short, we are unable to find that Magistrate Judge Stinson's refusal to grant Brandon's request for an enlargement of time was clearly erroneous or contrary to law.  <u>See</u> 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's

order is clearly erroneous or contrary to law."). Accordingly, we <u>DENY</u> Brandon's Motion for Reconsideration of Magistrate Judge Stinson's Order of June 25, 2007.

### III.     Conclusion

As explained above, in our March 9, 2007, Order, we provided Brandon with 90 days to obtain and serve on counsel for Firestone a case-specific expert report on defect and causation consistent with the limitations set forth in that order and further provided that, if he failed to do so, his action would be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). Slightly more than one week before the 90-day deadline was set to expire, Brandon filed his motion for reconsideration of the March 9th order, which tolled the 90-day deadline. Because we now <u>DENY</u> Brandon's motion for reconsideration of that ruling and <u>DENY</u> Brandon's motion for reconsideration of Judge Stinson's order, we again order Brandon to obtain and serve on counsel for Firestone a case-specific expert report on defect and causation consistent with our March 9, 2007, Order, by no later than Monday, January 19, 2009. If Brandon fails to serve on Firestone a new expert report as herein ordered, the Court will dismiss his action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and final judgment will be entered in favor of Firestone.

IT IS SO ORDERED.

Date: ___01/05/2009_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Russell Reiner
Reiner, Simpson, Timmons & Slaughter
P.O. Box 494940
Redding, CA 96049

Duane H. Timmons
Reiner Simpson & Timmons
2851 Park Marina Dr Ste 200
Redding, CA 96001

C. Tab Turner
Turner & Associates
4705 Somers Ave #100
N Little Rock, AK 72116-7034

Mark Herrmann
Jones Day Reavis & Pogue
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Mary P. Lightfoot
Larson Garrick & Lightfoot LLP
633 West Fifth Street Suite 1750
Los Angeles, CA 90071

Mark Merkle
Krieg Devault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

Randall Riggs
Locke Reynolds LLP
201 N Illinois St Suite 1000
PO Box 44961
Indianapolis, IN 46244-0961

Colin P. Smith
Holland & Knight LLC
131 S Dearborn Street 30th Floor
Chicago, IL 60603

Thomas G. Stayton
Baker & Daniels
300 North Meridian Street Suite 2700
Indianapolis, IN 46204

Irwin B. Levin
Cohen & Malad
136 N. Delaware Street
Suite 300
Indianapolis, IN 46204

Bill Winingham
Wilson Kehoe & Winningham
2859 N. Meridian Street
P.O. Box 1317
Indianapolis, Indiana 46206

Dan Bryon
Bingham McHale
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

Thomas Kilbone
Squires Sanders
4900 Key Tower
127 Public Square
Cleveland, OH 44114

John Beisner
O'Melveny & Meyers
1625 Eye Street N.W.
Washington, D.C. 20006

Robert Gibson
Snell & Wilmer
1920 Main Street
Suite 1200
Irvine, CA 92614