**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| In re: BRIDGESTONE FIRESTONE | ) | |
| INC. TIRES PRODUCTS LIABILITY | ) | Master File No: IP 00-9374-C-B/MS |
| LITIGATION | ) | MDL No. 1373 |
| | ) | |
| KIMBERLY CREEL, | ) | Case No: 1:07-cv-5838-SEB-JMS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIDGESTONE-FIRESTONE, INC. et al | ) | |
| Defendants. | ) | |

**ENTRY GRANTING DEFENDANTS'**
**SUPPLEMENTAL SUMMARY JUDGMENT MOTIONS**

In an order entered on January 9, 2009, the Court denied the Defendants' summary

judgment motions because the limited factual record before the Court at the time did not

allow us to draw the necessary inference which would have settled the question of

whether the doctrine of *contra non valentum* applied under Louisiana law to excuse

Plaintiff's otherwise untimely complaint.  We allowed the parties to conduct discovery

over an ensuing  45-day period, and, if they saw fit, Defendants could revisit the issue of

the timeliness of the Complaint in supplemental summary judgment motions.  The

additional discovery period has concluded and both Bridgestone/Firestone and Ford

Motor Company have now filed supplemental summary judgment motions along with

additional supporting materials.  Accordingly, we now undertake a reexamination of this

issue arising under Louisiana's doctrine of *contra non valentum* benefitted by a more complete record.

We incorporate by reference our previous order of January 9, 2009, including the detailed chronological recital of the procedural path of Plaintiff's claims through the Mississippi and Louisiana state courts as well as this and other federal trial courts. Further, we cite again our prior discussion of the development, and the Louisiana courts' application, of the doctrine of *contra non valentum*, commonly referred to in most other jurisdictions as the "discovery rule," noting that where a complaint is untimely on its face, Plaintiff has the burden of showing that the doctrine applies to save the action. We set forth below an excerpt of our earlier ruling which discusses the questions which we determined precluded a final ruling until further discovery could be conducted.

> The record currently before us in Creel's case is too meager in terms of factual specificity to permit a reliable determination to be made as a matter of law regarding whether Creel acted reasonably following the accident with respect to exploring the possible causes of the tire tread separation or any other circumstances that may possibly have contributed to her loss of control of the vehicle. All we have been provided in terms of evidence on this issue is a few lines excerpted from a deposition by Creel in which she describes what she heard and felt at the time of the accident. A multitude of other, highly relevant questions present themselves: What did the police report say? Did anyone perform any investigation into the accident or assess the condition of the tire or the roadway? What did Creel believe at the time was the cause of her accident and what prompted that belief? When did she first consult an attorney? This and other similar information, which, by the way, was fully developed in the submissions presented to the Court in the cases predicated upon California and Arizona law on which we ruled previously, is missing here. In our view, without such factual development, no reliable decision regarding the discovery rule can be forthcoming, particularly given that our determination could have the effect of

preemptively barring Creel's entitlement to any relief as a matter of law.
*See Carter v. Haygood*, 892 So.2d at 1268.

### *Supplemental Facts Developed Through the Additional Discovery*

In brief, the factual scenario initially presented to the Court indicated that Plaintiff, Kimberly Creel, was injured in a single vehicle accident which occurred on August 27, 1998, when a tire allegedly failed on the 1991 Ford Explorer which she was driving, thereby causing her to lose control of the vehicle. The vehicle skidded into the center median of the interstate highway and flipped over several times. Immediately prior to losing control, Plaintiff heard a "slap"-like sound followed by a "heavy thud," which she said she "guessed" might have been the tire failing. She did not file a lawsuit against the Defendant vehicle and tire manufacturers until she joined a multi-plaintiff suit some thirty-two months following the accident, and she did not file the lawsuit at bar until after she was dismissed from the earlier lawsuit nearly eight years after the accident. Unless Plaintiff can establish her entitlement to apply the doctrine of *contra non valentum*, the period of prescription under Louisiana law for her product liability claim would have expired within one year following her injury. LSA-C.C. Art. 3492.

Following the issuance of our order of January 9, 2009, Defendants took Plaintiff's deposition to inquire more extensively into her knowledge and actions after the accident. Additional requests for admissions and interrogatories were also served on her to which she has now responded. That discovery along with a copy of the police report have been

submitted as part of the record as well.  Based on the record as a whole, it is now clear that Plaintiff failed to take the necessary steps to determine the cause of the tire failure and the resultant accident and her injuries, thereby making her Complaint untimely and subject to dismissal.

We begin with the police report of the accident which states that Plaintiff's vehicle suffered a "blow out"; this confirms her prior deposition testimony that she had told the police officer at the scene that she had suffered a blown tire.  The police report references other witnesses who confirmed Plaintiff's version of events.  Plaintiff concedes that she never sought to obtain a copy of the police report, which admission undermines her claim that she possessed insufficient knowledge to prompt her to investigate further the cause of her accident.  Even if we were to overlook her failure to obtain a copy of the police report, it is clear, based on that report, that she, herself, possessed sufficient knowledge at that point that her tire had failed and caused her to lose control of the vehicle to provide a basis for litigation against these Defendants.

In her most recent deposition, Plaintiff attempted to supplement her prior testimony regarding events leading up to the accident, stating that she thought she had "run over something" which may have caused the tire to fail.  This was a new causation theory advanced by Plaintiff, prompting Defendants to argue that it is nothing more than a belated attempt to improve her prior testimony.  Regardless of whether it is in fact a new causation theory, the other essential facts underlying Creel's claim remain unchanged:

she does not believe she caused the accident; she was told by the police officer and witnesses at the scene that the accident had not been her fault; she believed the tire failure caused her to lose control of the vehicle; and she had knowledge of the manufacturer of the tire and the manufacturer of her vehicle. Being in possession of those facts immediately following the accident, Creel had sufficient information to warrant - indeed, to require - further investigation as to whether there had occurred a breach of warranty or some other basis for tort liability. Having delayed conducting any such investigation or asserting her rights to recovery until years later when she saw an advertisement on television by an attorney, she waited too long and in doing so, whatever claim she might have had expired.

As noted in our prior order, Louisiana law requires a plaintiff to "show not only that (she) did not know facts upon which to base (her) claim, but also that (she) did not have reason to know or discover such facts and (her) lack of knowledge was not attributable to (her) own neglect." *Wilhike v. Polk,* 999 So.2d 83, 86 (La. App. 2008). The supplemental discovery has dashed Plaintiff's "slender reed" of hope that had permitted her to survive Defendant's original motion for summary judgment. It is now clear beyond doubt that immediately following her accident Plaintiff possessed sufficient knowledge of a basis for a cause of action--at least sufficient enough to warrant further investigation--to obligate her to pursue that claim, she now cannot avoid the one-year time limitation imposed by Louisiana law for bringing this type of action. *Id.*

Accordingly, the Supplemental Motion For Summary Judgment (Doc. #21) filed

by Bridgestone Firestone North American Tire, LLC is **GRANTED**, and the

Supplemental Motion For Summary Judgment (Doc. #22) filed by Ford Motor Company

is also **GRANTED**.  A separate final judgment shall be entered in favor of the

Defendants.

IT IS SO ORDERED.

Date:   07/08/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

George  Arbour
ARBOUR & AYCOCK
P.O. Box 155
West Monroe, LA 71294

Quincy T. Crochet
MCCRANIE SISTRUNK ANZELMO HARDY MAXWELL & MCDANIEL
qtc@mcsalaw.com

William J. Hamlin
HAMLIN, GRIFFIN & KOHNKE, LLC
wjhamlin@hg-e.com

Keith W. McDaniel
MCCRANIE SISTRUNK ANZELMO HARDY MAXWELL & MCDANIEL
kwm@mcsalaw.com

Mark J. R. Merkle

KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Jeffrey J. Mortier
FROST BROWN TODD LLC
jmortier@fbtlaw.com

Stephen W. Mullins
LUCKEY & MULLINS, PLLC
jackfish28@aol.com

Stacy R. Palowsky
HAMLIN, GRIFFIN & KOHNKE, LLC
spalowsky@hg-e.com

Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com

Lance B. Williams
MCCRANIE SISTRUNK ANZELMO HARDY MAXWELL & MCDANIEL
lbw@mcsalaw.com