UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

In re: BRIDGESTONE FIRESTONE INC.  )
TIRES PRODUCT LIABILITY LITIGATION  )
  )
  )
JENNIE MITCHELL, ADMINISTRATRIX  )
OF THE ESTATE OF RONNIE GEETER,  )
DECEASED, ON BEHALF OF THE  )     Master File No: IP 00-9374-C-B/MS
ESTATE AND ALL WRONGFUL DEATH  )
BENEFICIARIES OF RONNIE GEETER,  )     MDL No. 1373
       Plaintiff,  )
  )     1:08-cv-5849-SEB-JMS
     vs.  )
  )
BRIDGESTONE/FIRESTONE, INC.;  )
BRIDGESTONE/FIRESTONE NORTH  )
AMERICAN TIRE, LLC; FICTITIOUS  )
PARTIES A THROUGH Z; and BERNICE  )
HILL, ADMINISTRATRIX OF THE  )
ESTATE OF MARCUS HILL, DECEASED  )
      Defendants.  )

**ORDER OF REMAND**

Plaintiff, the administratrix of Ronnie Geeter's estate, filed this lawsuit in the

Circuit Court for Noxubee County, Mississippi, on April 2, 2008, claiming that Geeter's

death was the result of negligence on the part of Marcus Hill and/or a defect in a tire

manufactured by Bridgestone/Firestone.  Geeter was a passenger in a vehicle operated by

Hill on September 13, 2006, when a tire on the vehicle lost its tread, the vehicle left the

road and an ensuing crash into a tree killed both Geeter and Hill.  Hill's estate filed an

answer denying liability and asserting a crossclaim against Bridgestone/Firestone.

Bridgestone/Firestone removed the lawsuit to the United States District Court for the Southern District of Mississippi, claiming that, if the parties were properly aligned, federal diversity jurisdiction existed.  The Plaintiff, Estate of Geeter, promptly filed a motion to remand.  Following that motion, the case was transferred to our docket at the direction of the Multidistrict Litigation Panel for consolidation with other cases asserting similar failures of Bridgestone/Firestone tires.  Thereafter, the Estate of Hill also filed a Motion to Remand adopting the same arguments as Plaintiff.  We now address both motions.

### *Realignment of Parties*

When a federal court's jurisdiction is based upon diversity of citizenship, it may, if appropriate, realign the parties to conform to their true interests in the action.  *City of Indianapolis, v. Chase Nat. Bank,* 314 U.S. 63 (1941).  The Supreme Court has directed that the alignment of parties is to be based upon the "principle purpose of the suit."  *Id*. at 69.  Typically, realignment is requested when a party contends that diversity jurisdiction does not exist; however, realignment issues have been raised as well to establish diversity jurisdiction.  *Gressette v. Sunset Grill, Inc.*, 447 F.Supp.2d 533 (D.S.C. 2006); *see also* 13E *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction* 3d § 3607, at 308.  Bridgestone/Firestone has so asserted here in seeking realignment of the parties and, if granted, allowing removal of this case from the state court in Mississippi to federal court.

2

However, we are not persuaded, given the principal purpose of this litigation, that the Estate of Hill is properly aligned with the Estate of Geeter.  Geeter's Estate seeks a recovery for Geeter's alleged wrongful death, placing the blame on both Hill and Bridgestone/Firestone.  Bridgestone/Firestone does not contend that Geeter's Estate has no claim against the Hill Estate or that Hill's Estate was fraudulently joined to the case and it certainly does not contend that Hill had no fault in connection with the accident. Rather, it maintains that both estates are seeking to recover from Bridgestone/Firestone and, in that sense, their interests are aligned.  It also portrays itself as the "big pocket" in this litigation and, thus, in practicality, the true target of the lawsuit.  Thus, in effect, Bridgestone/Firestone seeks alignment of the parties based upon their lesser financial circumstances, compared to its own.

All parties to a lawsuit are entitled to be treated equally regardless of their individual financial circumstances.  Thus, for example, if Geeter had been a passenger in a vehicle driven by Warren Buffett on that fateful day in September 2006, Bridgestone/Firestone might not view itself as the practical target of an ensuing lawsuit. Even if alignment of parties could be properly based upon their financial resources, there is no evidence to indicate that Hill's Estate could not withstand financial responsibility for its liability to Geeter's Estate, should that be the end result of this litigation.

Realignment of the parties is appropriate "when the court finds that no actual controversy exists between parties on one side of the dispute and their named opponents."

*American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981).  Clearly, a controversy exists between Geeter's Estate and Hill's Estate.  Geeter's Estate claims that Hill was at least partially responsible for Geeter's death for which it seeks an award of damages from Hill's Estate.  For Bridgestone/Firestone's part in causing Geeter's death, it seeks a separate recovery.  Though not binding here, we note that a decision to remand this case is also consistent with a recent decision by our sister court in the Southern District of Mississippi, which held that realignment should not be used to create federal jurisdiction.  *F.L. Crane & Sons, Inc. v. IKBI, Inc.,* 630 F.Supp.2d 718, 721-22 (S.D. Miss. 2009).

### *Conclusion*

Because a clear controversy exists between Plaintiff, Estate of Geeter, on the one hand, and both of the Defendants, the Estate of Hill and Bridgestone/Firestone, on the other, the principle purpose of which is to allow Plaintiff to recover damages from either or both Defendants for the wrongful death of its decedent, realignment of the parties for purposes of establishing federal diversity of citizenship jurisdiction is not appropriate, nor was the removal of this lawsuit to federal court proper.  Accordingly, the motions to remand filed by Plaintiff and Defendant, the Estate of Hill, are GRANTED.  This action is now remanded to the Circuit Court of Noxubee County, Mississippi.

Pursuant to 28 U.S.C. § 1447(c), a certified copy of this Order of Remand shall be

mailed by the Clerk of this Court  to the Clerk of the Circuit Court of Noxubee County,

Mississippi.   Each party shall bear its own attorneys' fees and costs incurred as a result of

the removal and remand.

IT IS SO ORDERED

Date:  __10/28/2009__

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

David L. Ayers
WATKINS & EAGER PLLC
dayers@watkinseager.com

Graham P. Carner
WATKINS & EAGER PLLC
gcarner@watkinseager.com

Danny E. Cupit
LAW OFFICES OF DANNY E. CUPIT,
P.C.
decupit@aol.com

William  Liston III
LISTON/LANCASTER PLLC
wlist3@aol.com

William H. Liston
LISTON LANCASTER, PLLC
bliston@listonlancaster.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

John M. Montgomery
Liston-Lancaster PLLC
PO Box 891
Starkville, MS 39760

Bennie L. Turner
TURNER & ASSOCIATES PLLC
blt@bturnerlaw.com

Tracy M. Walker
Law Office of Danny E. Cupit PC
PO Box 22929
Jackson, MS 39225

Mary Jo  Woods
LAW OFFICES OF DANNY E. CUPIT,
P.C.
mjwoods@cupitlawfirm.com