UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: BRIDGESTONE FIRESTONE INC. TIRE PRODUCTS LIABILITY LITIGATION | Master File No: IP 00-9374-C-B/MS<br>MDL No. 1373 |
| JUNE CHUN WONG and HOUFOON SHIT,<br>        Plaintiffs,<br>    vs.<br>BRIDGESTONE AMERICAS HOLDING, INC. et al ,<br>        Defendants. | 1:09-cv-5852-SEB-JMS |

## ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMANDING LAWSUIT TO STATE COURT

This matter was removed from the Superior Court of Los Angeles County, in the State of California, to the United States District Court for the Central District of California, before being transferred to this Court as part of the Court's supervision of the MDL, *In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litigation*, MDL No. 1373.  Immediately prior to the transfer of this litigation to this Court, Plaintiffs filed a Motion for Leave to File First Amended Complaint and a contemporaneous Motion For Remand.  The motions advance Plaintiffs' interest in adding defendants to the litigation whose presence would destroy diversity and require that the case be returned to the California Superior Court in Los Angeles County.

When an action has been removed to federal court and additional defendants are

thereafter sought to be joined by the plaintiffs whose presence would destroy subject matter jurisdiction, the Court has two options under 28 U.S.C. § 1447(e):  permit the joinder and remand the case to state court <u>or</u> deny the joinder.  Four criteria inform this discretionary decision:  (1) plaintiff's motivation in seeking to join the parties, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) the timeliness of the request; (3) the balance of any prejudice to the parties flowing from the motion; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum.  *Perez v. Arcobaleno Pasta Machines., Inc.*, 261 F.Supp.2d 997, 1001 (N.D.Ill.2003); *In re Bridgestone/Firestone, Inc.*, 129 F.Supp.2d 1202, 1204 (S.D.Ind.2001); *cf. Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009)(noting district court discretion and citing *Perez* and *In re Bridgestone/Firestone* cases favorably).

*Plaintiffs' Motivation*

Plaintiffs allegedly were injured in a car accident which they claim was the result of a blowout of a defective tire.  Accordingly, they brought this product liability action against Bridgestone America's Inc. ("BAI"), whom they claim designed and manufactured the defective tire.  They now seek to add Bridgestone America Tire Operations, LLC ("BATO"), Wondries Toyota, Bob Wondries Associates, Inc. and Walnuts Union 76 as additional defendants in this litigation.  BATO is a company affiliated with BAI, and, according to plaintiffs, part of the team which designed, tested,

marketed and sold the subject tires. BATO's addition as a defendant would not destroy diversity; however, Plaintiffs' proposal to add the related Wondries entities and Walnuts Union 76, all California residents, would have that effect. The Wondries entities collectively leased and then sold to Plaintiff Wong the vehicle which came equipped with the allegedly defective tires. Plaintiffs contend that Walnuts Union 76 purported to repair the tire.

Under California law, the distributor of an injury-producing product is liable under a strict liability theory for any injuries the product causes. *Barth v. B. F. Goodrich Tire Co.*, 265 Cal.App.2d 228, 71 Cal.Rptr. 306 (1968). Plaintiffs claim they are simply trying to add all potentially liable defendants to the litigation and that the delay in adding these parties resulted when counsel for Plaintiffs ran into difficulty obtaining all the information necessary to identify all potentially liable parties because one of the plaintiffs, Ms. Wong, was so seriously injured (having been rendered a quadriplegic and also suffering a head injury) that she required relocation to Hong Kong in order to be with family who can assist in providing for her physical needs. Further complicating matters is the fact that these motions were briefed prior to the case being transferred to this court and, since that time, according to the parties' joint status report, the Plaintiffs have filed a separate action against BATO and two of the other three putative defendants in state court in California in order to protect against the running of any statutes of limitations.

Defendants characterize Plaintiffs' efforts here as "suspicious" and accuse them of

seeking to add the newly named defendants solely for the purpose of defeating federal jurisdiction. According to the status report, BATO is also seeking dismissal of the new state court action because the subject matter of the lawsuit is pending in this court. A hearing on BATO's efforts to stay or dismiss the state court action is scheduled for March 5, 2010. BATO argues in the state court action that the proper procedure is for the Plaintiffs to seek leave to amend in the action pending here and then pursue remand, if successful, which, of course, is exactly what Plaintiffs have done. Meanwhile, BAI and BATO are willing to enter into a stipulation which would substitute BATO as the proper tire manufacturing defendant in this lawsuit, but they will not stipulate to Plaintiffs attempts to add any of the other three defendants.

While it appears that Plaintiffs would clearly prefer to litigate this case in state court, we can not say that this is the sole reason for their efforts seeking to join the three additional defendants, all of whom could conceivably be liable to the Plaintiffs, if the evidence supports the claims made against them. Unlike the plaintiffs in *In re Bridgestone/Firestone, Inc.*, 129 F.Supp.2d 1202 (S.D.Ind.2001), where we declined to allow an amendment which would have destroyed diversity, Plaintiffs here have offered a logical explanation for their not having included the Wondries entities and Walnuts Union 76 as defendants when the action was originally filed. Defendants do not contest that Ms. Wong, the purchaser of the vehicle and tires at issue, has suffered catastrophic injury. Such an injury as well as her current living arrangements in a foreign country are

sufficiently persuasive factors to explain her counsel's initial lack of all the relevant information necessary to identify and include as defendants in this action the car dealer who sold Ms. Wong the vehicle and the service station which subsequently performed repairs to the tire.  By filing the second action in state court, Plaintiffs have affirmed the seriousness of their intent to pursue their claims against these additional parties.  Moreover, BAI has not challenged the validity of those claims, if they were permitted in case at bar.

*Timeliness of Motion to Amend*

Plaintiffs' prompt efforts to amend their complaint to add the named defendants redounds to their favor as well.  The motion to amend was filed within four months of the removal of the action to federal court and less than six months from time when the action was first filed in state court.  Though the pursuit of an amendment was not as prompt as in *In re Bridgestone/Firestone, Inc.*, unreasonable delay of more than a year did not occur here, as it did in *Hart v. Dow Chemical*, 1997 WL 627645, at *6 (N.D. Ill. Sept. 30, 1997), a case we have previously referred to from time to time in assessing the timeliness of similar motions.  *See In re Bridgestone/Firestone, Inc.*, 129 F.Supp.2d at 1205.

*Balance of Risks or Prejudice*

As noted in *In re Bridgestone/Firestone, Inc.*, supra, under California law the absence of the dealer who sold the vehicle with the allegedly defective tires is not fatal to

a complete recovery. *Id.* at 1206 (citing to *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)). However, in this instance, there is an additional putative defendant, Walnuts Union 76, who is not part of the chain of distribution, but rather a party whose intervening action is alleged to have been a potential independent cause of the accident. As the case currently stands, if the service station's efforts to repair a tire wind up being the cause of the accident, it will take the prosecution of a second lawsuit to accomplish that result. Having to pursue two such lawsuits is severely prejudicial to any Plaintiff, especially so here, given the logistical difficulties associated with Ms. Wong's current living arrangements; a second lawsuit potentially could be economically unbearable for Plaintiffs.

The prejudice claimed by BAI is that, with the proposed additional parties and amendment to the complaint, the case would not remain in federal court and have the benefit of remaining a part of the MDL proceedings, and the demonstrated efficiencies of the discovery process. This is a legitimate concern, *see In re Bridgestone/Firestone, Inc.*, 129 F.Supp.2d at 1206-07, but no more so than concerns relating to the expense and efficiency Plaintiffs would experience if they are required to pursue two separate lawsuits in an effort to protect against a finding that the intervening actions of the service station were ultimately determined to be the proximate cause of their damages.

***Conclusion***

In accordance with 28 U.S.C. § 1447(e), the Court has evaluated the particular circumstances presented in this litigation and concluded that Plaintiffs' Motion For Leave to File Amended Complaint and their Motion For Remand have merit and, therefore, should be GRANTED. Accordingly, this action shall be remanded forthwith to the Superior Court for the State of California, Los Angeles County.

Pursuant to 28 U.S.C. § 1447(c), a certified copy of this Order of Remand shall be mailed by the Clerk of Court in this district to the Clerk of the Superior Court for the State of California, Los Angeles County. Hopefully, this prompt remand will permit the California court an opportunity to consider combining this lawsuit with the second lawsuit currently pending on its docket, which matter, we are informed, is currently set for a hearing in March.

With regard to these motions, each party shall bear its own attorneys' fees and costs incurred as a result of the removal and remand.

IT IS SO ORDERED

Date: 01/08/2010

Copies to:

David Azizi
David Azizi Law Offices
509 South Beverly Drive
Beverly Hills, CA 90212

Jorge A Burgos

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

LARSON GARRICK AND LIGHTFOOT LLP
jburgos@lgl-law.com

Gary Alan Dordick
LAW OFFICES OF GARY A DORDICK
dordicklaw@aol.com

Arnold D. Larson
LARSON GARRICK & LIGHTFOOT, LLP
alarson@lgl-law.com

Mary P. Lightfoot
LARSON GARRICK & LIGHTFOOT LLP
mlightfoot@lgl-law.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

John R. Walton
LAW OFFICES OF JOHN R. WALTON, a  P.C.
jrw@waltonlawpc.com