UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION | ) MDL No. 1373<br>) Master File: 1:00-ml-09374-SEB-JMS |
| MARTIN EDGAR and NICHOLE JORDAN,<br>    *Plaintiffs*,<br>vs.<br>FORD MOTOR COMPANY, *et al.*,<br>    *Defendants*. | )<br>)<br>)<br>) *This document relates to:*<br>) 1:07-cv-05836-SEB-JMS<br>)<br>)<br>) |

## **ORDER**

Presently before the Court are motions for summary judgment filed by Defendant Ford Motor Company ("Ford") and Defendant Bridgestone Firestone North American Tire, LLC ("Bridgestone"). [Dkt. 23 and dkt. 22, respectively.]

### **BACKGROUND**

On December 24, 2005, Plaintiff Edgar Martin was driving a 1993 Ford Explorer along a Louisiana interstate highway when the vehicle's right rear tire blew out; the Explorer rolled over, causing injury to him and Plaintiff Nichole Jordan, who was the vehicle's owner but who at the time was a passenger. [Dkt. 23-1 ¶¶2-4; 34-2 at 1.] According to Ms. Jordan, the Ford salesperson who sold her the used Explorer three weeks previously told her that the tire that ultimately failed was "brand-new." [Dkt. 22-2 at 1; 23-4 at 3; 35-1 at 2-3.]

Because Plaintiffs have brought a products-liability action against Ford and Bridgestone, the tire's manufacturer, determining what happened to Ms. Jordan's right-rear tire is a critically

important question.[1]  Officer Chesne, the police officer who arrived at the scene of the accident, determined that the tire suffered "a full detachment of the tread belt or the crown of the tire prior to the vehicle running off the roadway."  [Dkt. 34-2 at 1.]  Plaintiffs recently located an expert witness who would testify that a manufacturing defect caused the de-treading.  [Dkt. 43-5 at 3.]  But that expert's opinions have not found their way into the record under review with regard to the summary judgment motions because Plaintiffs missed their disclosure deadline to identify their expert and produce his report.  Thus, the Magistrate Judge ruled that he is unavailable to testify on behalf of Plaintiffs.  [Dkt. 41.][2]  Plaintiffs now allege simply "upon information and belief" that the tire installed on Ms. Jordan's Explorer was of the type that Firestone had recalled due to its having "some inherently dangerous propensity."  [Dkt. 34 at 3].[3]

## DISCUSSION

A motion for summary judgment requests that the Court decide that a trial is unnecessary given that a trial based on the uncontroverted evidence would conclude in the moving party's favor.  *See* Fed. R. Civ. Pro. 56(c); *Schacht v. Wisconsin Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999) ("Roughly speaking, [summary judgment] is the 'put up or shut up' moment in a

---

[1] As Ford correctly notes, other than changing the opening and closing sentences, Plaintiffs' response to Ford's motion for summary judgment is the same as Plaintiffs' response to Bridgestone's motion for summary judgment.  [Dkt. 38.]  Neither response explains how any defect in the tire would subject Ford to liability.  Given the identical briefs, and the absence of any argument from Plaintiffs about Ford's role in causing this accident, we assume that if Bridgestone is not liable, Ford also is not liable.

[2] Plaintiffs chose not to ask us to review that ruling under Federal Rule of Civil Procedure 72(a).  Instead, they asked that a "supervisory writ" issue from the Seventh Circuit Court of Appeals, which request was denied because such a procedure is not available in federal court (unlike apparently in Louisiana state courts).  [Dkt. 52.]  If Plaintiffs had asked **us** to review the Magistrate Judge's ruling, we would have affirmed it, as nothing in that ruling is "clearly erroneous" or "contrary to law," Fed. R. Civ. Pro. 72(a).

[3] Plaintiffs apparently failed to serve any discovery requests upon Bridgestone during the more than two-and-a-half years that this action has been pending to test their belief about the tire's recall status, or about anything else.  [Dkt. 22-1 at 4.]

lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."). Defendants based their motions for summary judgment on *Celotex Corp. v. Catrett*, claiming that Plaintiffs' complete lack of evidence on issues for which Plaintiffs bear the burden of proof obviates the need for any trial; thus, Defendants have not attempted to affirmatively disprove Plaintiffs' claims, and need not in order to prevail. 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

The accident at issue here occurred in Louisiana, so we apply Louisiana substantive law to this diversity-jurisdiction dispute. *See Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938). Defendants have thoroughly discussed the requirements of Louisiana law which Plaintiffs would have to satisfy in order to recover. Plaintiffs, in contrast, have neither cited nor discussed a single Louisiana case or statute in response, including not addressing the authorities cited by Defendants. [*See* dkt. 34, 35.]

The Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. Rev. Stat. Ann. § 9:2800.52 (2009). The LPLA includes four such theories of recovery, placing the burden in each instance on the injured party. La. Rev. Stat. Ann. § 9:2800.54(D) (2009). Under the LPLA, a manufacturer faces liability if "a product is unreasonably dangerous in (1) construction or composition, [or] (2) design, or because of (3) an inadequate warning, or (4) nonconformity with an express warranty." *Gladney v. Milam*, 911 So. 2d 366, 370 (La. Ct. App. 2005) (citing, among others, the LPLA).

Plaintiffs' Complaint does not identify the type(s) of LPLA liability Plaintiffs assert as to either Defendant. [*See* dkt. 23-1.] Nor do Plaintiffs' responses to Defendants' motions for summary judgment. [*See* dkt. 34, 35.] Ultimately, it does not matter which of the four theories Plaintiffs seek to apply, because each theory requires Plaintiffs to prove that a manufacturing defect "proximately caused" Plaintiffs' injuries. La. Rev. Stat. Ann. § 9:2800.54 (A). The record submitted here lacks such evidence.

To satisfy the proximate cause requirement, a successful plaintiff must come forth with evidence to show that a manufacturing defect most likely caused the alleged injury. *Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994) (applying La. law) ("A plaintiff must prove not only causation in fact, but also that the product defect was the most probable cause of the injury." (quotation omitted)). Because "[t]here are numberless means or causes other than defect in the manufacture, which bring about a blow out of a tire," *Williams v. U. S. Royal Tires*, 101 So. 2d 488, 492 (La. Ct. App. 1958), Louisiana law does not support a presumption of a defect from the mere fact of a tire's failure. *Clement v. Griffin*, 634 So.2d 412, 429-30 (La. Ct. App. 1994) (finding error under general LPLA principles insofar as jury instructions "allowed the jury to infer the existence of a vice or defect in a product from the circumstances of an accident" and additionally explaining that, "concerning the specific area of tire failure, the jurisprudence in this state consistently holds that failure of a tire is not such an unusual event that a defect can be inferred solely from the fact that the accident occurred." (quotation and citations omitted)).

As indicated above, Plaintiffs have adduced no expert evidence to establish that a manufacturing defect caused the tire to fail. At best, the deposition of Officer Chesne—who disclaims being "an expert tire guy," [dkt. 34-2 at 10]—establishes that the type of failure

occurring here was a full tread separation. But the portions of his deposition designated in the record include nothing to explain **why** the tread separated. Plaintiffs argue that "[i]t is axiomatic that a nail does not cause a full tread separation…[and that] full tread separation is in and of itself…indicative of tire failure." [Dkt. 35 at 9.] That argument, however, is inconsistent with well-settled Louisiana law that holds tire failures from manufacturing defects to be the exception, not the rule, *see Clement*, 634 So.2d at 429, even if, as Plaintiffs claim here, the tire in fact was brand new and had low mileage at the time of the failure, *see Traut v. Uniroyal, Inc.*, 555 So. 2d 655, 656 (La. Ct. App. 1989) (reversing judgment where plaintiff "presented no expert testimony to corroborate her theory that the tire failed due to a defect," despite her testimony about the age of and mileage on the tire).

Plaintiffs have also failed to identify any non-expert evidence to establish a failure attributable to a manufacturing defect. The claim in Plaintiffs' response brief that Firestone recalled the tire and did so because Firestone determined that it was defective will not suffice. [Dkt. 34 at 3.] For one thing, Plaintiffs have cited no evidence to support that claim. *Box v. A & P Tea Co.*, 772 F.2d 1372, 1379 n.5 (7th Cir. 1985) ("[A]rguments in briefs are not evidence"). Even if factual claims made only in a brief and unaccompanied by citation to anything in the record were appropriate in the summary judgment context, Plaintiffs still could not survive summary judgment. Plaintiffs' claim about the recall is premised only upon "information and belief." [*Id.*] Such an allegation has no place in fending off summary judgment. *Price v. Rochford*, 947 F.2d 829, 832 (7th Cir. 1991) (holding that averments made on "information and belief" cannot withstand a motion for summary judgment).

Thus, we conclude that if a jury received the evidence presented to us here, the jury would be required to return a verdict in favor of Defendants. Plaintiffs have presented no

evidence of any defect in the manufacture of the tire or of any other cause of its failure for which Defendants could be found liable. Summary judgment in Defendants' favor must therefore issue.

## CONCLUSION

Defendants' motions for summary judgment filed as Docket Entries 22 and 23 are **GRANTED**.[4] In light of the grant of summary judgment here, the Court **DENIES AS MOOT** Defendants' pending motions to file supplemental briefing on the motions for summary judgment [dkt. 44, 54].

So ordered.

Date: 02/04/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Quincy T. Crochet
MCCRANIE SISTRUNK ANZELMO HARDY MAXWELL & MCDANIEL
qtc@mcsalaw.com

William J. Hamlin
HAMLIN, GRIFFIN & KOHNKE, LLC
wjhamlin@hg-e.com

Keith W. McDaniel
MCCRANIE SISTRUNK ANZELMO HARDY MAXWELL & MCDANIEL

---

[4] As of the date of Ford's motion for summary judgment, Ford reports that neither Plaintiffs nor their counsel had paid the $634.91 in attorney's fees that the Magistrate Judge assessed against them jointly and severally in September 2008 as a sanction for Plaintiffs' failure to comply with their discovery obligations. [*See* dkt. 26 at 20.] Because we have already found for Ford on the merits, we deny as moot Ford's request that we dismiss Plaintiffs' claims for their failure to comply with the Magistrate Judge's order. However, a separate show cause order will issue to allow the Court to determine whether another sanction is appropriate for Plaintiffs' derelictions.

kwm@mcsalaw.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Jeffrey J. Mortier
FROST BROWN TODD LLC
jmortier@fbtlaw.com

Pius Akamdi Obioha
LAW OFFICES OF PIUS A OBIOHA & ASSOCIATES, LLC
pakamdi@aol.com

Stacy R. Palowsky
HAMLIN, GRIFFIN & KOHNKE, LLC
spalowsky@hg-e.com

Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com

Lance B. Williams
MCCRANIE SISTRUNK ANZELMO HARDY MAXWELL & MCDANIEL
lbw@mcsalaw.com