UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

IN RE BRIDGESTONE/FIRESTONE, INC            Master File No. IP00-9374-C-B/S
TIRES PRODUCT LIABILITY LITIGATION          MDL No. 1373


MONICA DEL CARMEN GONZALEZ        )
SERVIN, et. al,                   )
                                  )
            Plaintiffs,           )          IP07-5837-C-B/S
                                  )
      vs.                         )
                                  )
FORD MOTOR COMPANY., et. al,      )
                                  )
            Defendants.           )


**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS BASED ON
FORUM NON CONVENIENS**
(Master Docket No. 3870)

Defendants Ford Motor Company ("Ford") and Bridgestone/Firestone North

American Tire ("Bridgestone/Firestone") have filed a joint Motion to Dismiss this

product liability case on grounds of *forum non conveniens*, arguing that Mexico is an

available and adequate forum for this litigation and that the balance of private and public

interest factors mandates dismissal of the instant action.  For the reasons detailed in this

entry, we GRANT Defendants' Motion to Dismiss.


**Factual and Procedural Background**

This lawsuit arises from an automobile accident that occurred in the Mexican state

1

of Guanajuato.  Plaintiffs allege that the decedent, Hans Guerrero Altmann, a Mexican

citizen and resident, was operating his 1999 Ford Explorer when he experienced "tread

belt separation," which caused him to lose control and roll the vehicle.  Compl. ¶ 7.  Mr.

Altmann's surviving spouse, Monica Del Carmen Gonzalez Servin, also a Mexican

citizen and resident, initially brought this product liability action against Defendants in

the United States District Court for the Northern District of South Dakota.  In that forum,

Ford filed a motion to dismiss based on *forum non conveniens*, which was later joined by

Bridgestone/Firestone.  Before the motion was ruled upon, however, the Multi-District

Litigation Panel ordered the transfer of the instant action to this Court on August 3, 2007.

On October 31, 2007, Ford and Bridgestone/Firestone resubmitted their motion for this

Court's consideration.

This is not the first time in this MDL proceeding that the Court has substantively

addressed the issue of *forum non conveniens* ("FNC") in cases involving accidents that

occurred in Mexico.  In fact, the Court has twice previously addressed this issue.  In the

first instance, the Court resolved defendants' motion to dismiss four such cases by

denying the motion as to those plaintiffs who were residents of the United States and

granting the motion as to those plaintiffs who were not.  In re Bridgestone/Firestone, Inc.,

Tires Prods. Liab. Action, 305 F. Supp. 2d 927 (S.D. Ind. 2004), vacated on other grounds

and remanded, 420 F.3d 702 (7th Cir. 2005) (hereinafter referred to as "Lopez I").  In that

decision, the Court held that Mexico was an available and adequate forum.[1]  Id. at 932-33.

The Seventh Circuit Court of Appeals subsequently vacated that decision with respect to one of the plaintiffs, Sofia Lopez de Manez, and remanded so that this court could consider whether dismissal orders that her attorneys had obtained from courts in the Mexican state of Morelos established that those courts were unavailable to her.  420 F.3d at 706-07.  On remand, this court renewed its dismissal order after refusing to recognize the Morelos orders because they were obtained by fraud.  In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Action, 470 F. Supp. 2d 917, 929 (S.D. Ind. 2006) (hereinafter referred to as "Lopez II").

We again addressed this issue in our July 16, 2007 ruling denying Ford's and Bridgestone/Firestone's motions to dismiss seven other MDL cases involving accidents that occurred in Mexico, all of which involved plaintiffs who were not U.S. residents.  In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Action, Master File No. IP 00-9374-C-B/S, MDL No. 1372, Master Docket No. 3810 (S.D. Ind. 2007) (hereinafter referred to as "Mendoza").  In that ruling, we held that the defendants had failed to meet their burden of establishing that Mexico was an available forum.  We distinguished our decision in Lopez I and Lopez II – where we held that Mexico *was* an available forum – based on the fact that the plaintiffs in those cases had essentially conceded Mexico's availability as a

---

[1] As we have stated in our prior rulings on this issue, although we refer at times for simplicity's sake to "Mexico" and "Mexican courts" in general, we recognize that Mexico's judicial system is comprised of thirty-one states and one federal district, each with its own laws.

forum, while the plaintiffs in <u>Mendoza</u> had vigorously disputed the availability issue.[2]

Defendants argue that their motion to dismiss should be granted in the case at bar because, in response to their motion, Plaintiffs have essentially conceded that Mexico is an available forum because they (Plaintiffs) failed to respond to Defendants' evidence on that issue.  Thus, Defendants contend that the facts in the instant case are analogous to those presented in <u>Lopez I</u> and <u>Lopez II</u>.  Plaintiffs rejoin that Defendants have failed to meet their burden to show that Mexico is not only an available, but also an adequate forum.  Plaintiffs further contend that, even if Defendants could show that Mexico is an available and adequate forum, the private and public interest factors do not weigh in favor of litigating this case in Mexico.

## <u>Legal Analysis</u>

### I.      **Standard of Review**

"A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems."  <u>Sinochem</u>

---

[2] Ford and Bridgestone/Firestone filed a Motion to Reconsider the July 16, 2007 Entry. However, on February 4, 2008, this Court denied as moot that motion in light of a December 21, 2007 Remand Order issued by the MDL panel.

Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (internal quotations omitted).  A number of factors govern the *forum non conveniens* inquiry.  An alternative forum cannot be more convenient if the case cannot be tried in that forum, so the threshold question in the *forum non conveniens* analysis is whether the forum proposed by the defendant is both available and adequate.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981); Kamel v. Hill-Rom Co., Inc., 108 F.3d 799, 802 (7th Cir. 1997).  A forum is "available" if "all parties are amenable to process and are within the forum's jurisdiction."  108 F.3d at 803 (citations omitted).  An alternative forum is "adequate" when "the parties will not be deprived of all remedies or treated unfairly."  Id. (citing 454 U.S. at 265-66).

If the alternative forum is found available and adequate, the court must then identify the private interests of the litigants and the public interests of the forum and balance them to determine whether dismissal is appropriate.  Id. at 803.  As the defendants in this case, Ford and Bridgestone/Firestone bear the burden of persuasion as to all elements of the *forum non conveniens* analysis.


## II.      Available and Adequate Alternative Forum

We first address whether Mexico serves as an alternative forum for this litigation. The threshold inquiry in the *forum non conveniens* analysis is always the availability of the forum proposed by the defendants.  Defendants here have stipulated that they will submit to personal jurisdiction in Mexico and that they will not assert any statute of

5

limitations defense based on the time that has elapsed while this case has been pending

before this court.  Defendants contend that, by virtue of that stipulation, they have

established that Mexico is an available forum for this litigation because Mexican law

permits a court to exercise territorial competence over a defendant if the defendant either

explicitly or implicitly consents.  In the absence of evidence that such a stipulation would

not be accepted by the alternative forum, similar stipulations by defendants in other cases[3]

have been found to be sufficient to demonstrate the availability of a foreign forum.  See

Gonzalez v. Chrysler Corp., 301 F.3d 377, 380 n.3 (5th Cir. 2002) ("It is undisputed that

Mexico is an amenable forum because the defendants have agreed to submit to the

jurisdiction of the Mexican courts."); see also Macedo v. Boeing Co., 693 F.2d 683, 687-

88 (7th Cir. 1982) (holding that courts of Portugal were available because defendant had

consented to jurisdiction in that forum).  Here, Plaintiffs have failed to challenge the

adequacy of Defendants' stipulation, nor is there an indication on the record before us

that the Mexican courts would not accept this stipulation.[4]

Even if there were an indication that Defendants' stipulation would not be

accepted by Mexican courts, Defendants have presented evidence demonstrating that

---

[3] Throughout this discussion, when we refer generally to "a case" or "other cases," we mean the type of case at issue here, to wit, a personal injury action arising out of an allegedly defective product which occurred in the foreign territory.

[4] As noted above, we reached a different determination in Mendoza on the availability issue.  However, in that case, the plaintiffs vigorously disputed the availability issue.  Here, Plaintiffs make nothing more than a passing mention of availability, presenting no evidence at all to suggest that Mexican courts would not accept Defendants' stipulation.

those courts would nonetheless have territorial competence over this case.  In support of

their *forum non conveniens* motion, Defendants submitted the affidavit of Mexican

lawyer and law professor, Jose Maria Serna de la Garza,[5] who testified that the courts of

Guanajuato, Mexico, (the state where the accident occurred), are available to Plaintiffs.

Specifically, Professor Serna testified by affidavit that Article 30-IV of the Guanajuato

Code of Civil Procedure allows a plaintiff to file a civil liability case in either the courts

of the state where the defendant is domiciled or the courts of the state where the allegedly

tortious acts occurred.[6]  Serna Aff. at 22-23.  Thus, according to Professor Serna, the

courts of Guanajuato would have territorial competence over this case even absent

Defendants' jurisdictional stipulation because the accident took place in Guanajuato.

Plaintiffs' response presents no expert testimony or other evidence or authorities rebutting

Defendants' proof that the courts of Guanajuato are available to Plaintiffs.  For these

reasons, we find that Mexico is an available forum.

     Plaintiffs argue that, even if Mexico is determined to be an available forum,

---

[5] Professor Serna's curriculum vitae provides, *inter alia*, that he is a full-time researcher at the <u>Instituto de Investigaciones Juridicas</u> (Institute of Legal Studies) at the National Autonomous University of Mexico (UNAM) and has previously acted as Legal Advisor to the Committee of Legal Studies of the Mexican Senate, served as a visiting professor at the School of Law of the University of Texas (at Austin), and practiced civil litigation in Mexico City. Plaintiffs have not challenged his expertise and we find him to be a well-qualified and credible expert regarding Mexican law.

[6] Professor Serna testified by affidavit that, under the *lex loci deliciti* rule and the territoriality principle, tort law is a matter generally reserved to each of the Mexican states, and thus, the laws of the state where the accident occurred will govern Plaintiffs' case.  Serna Aff. at 2, 4-5.  In the state of Guanajuato, the *lex loci delicti* principle is derived from articles 11 and 13 of the Guanajuato Civil Code.

Defendants have failed to show that Mexico is also an adequate forum for this litigation.

Defendants' expert, Professor Serna, opines in his affidavit that Plaintiffs would be able

to bring claims against Defendants for injuries stemming from the automobile accident

under either the Federal Consumer Protection Act or the Civil Code of Guanajuato ("the

Code").  Professor Serna further testifies in his affidavit that the Code and the Federal

Labor Act allow a plaintiff to recover both material and moral damages and Guanajuato's

courts permit judges to receive both foreign public documents and foreign private

documents as evidence in a trial.  Id. at 3.

Professor Serna concedes that "[t]he notion of 'products liability' has had a limited

development in the Mexican legal system.  There is no case law on the subject, and

legislatures have been reluctant to introduce statutes on the matter."  Serna Aff. at 7.

Despite these limitations, Professor Serna opines that Guanajuato's Civil Code provides

two potential causes of action to individuals who claim injuries stemming from an

automobile accident that occurred in Guanajuato.  The first cause of action corresponds to

the notion of "civil liability" found in Article 1399 of the Code (fault/negligence-based

liability) and the second cause of action relates to the concept of "strict liability" found in

Articles 1402 and 1422 of the Code (non-fault/negligence liability).[7]  Id. at 2-3, 7-9, 11-

13.  According to Professor Serna, Plaintiffs could also potentially bring a claim under the

---

[7] The article 1402 action is available only against the "user," or the driver.  However, article 1403 of the Code provides that the "user" can then in turn sue the manufacturer of the mechanism that caused harm if it can be shown that the harm was produced exclusively by manufacture defects of the mechanism.  The article 1422 action is available against the "owner" of the vehicle.  Serna Aff. at 2-3.

Federal Consumer Protection Act for breach of legal and/or conventional warranties.  Id.
at 13-16.

Plaintiffs rejoin that the causes of action described by Professor Serna "are meager
at best."  Pls.' Resp. at 10.  With regard to the potential Article 1399 claim described by
Professor Serna, Plaintiffs argue only that, because Professor Serna testified by affidavit
that the Article *could* (as opposed to *would*) provide a cause of action for Plaintiffs in
Mexico, "[i]t is obvious that the affiant is not positive that the plaintiffs actually have a
cause of action under Article 1399."  Pls.' Resp. at 11.  The statement in Professor
Serna's affidavit with which Plaintiffs take issue provides as follows: "[Article 1399]
*could* provide a negligence-based cause of action for the allegations made in this type of
case."  Serna Aff. at 7 (emphasis added).  As Defendants point out, and as is true with any
cause of action, Plaintiffs would first be required to prove their claims before recovering
under Article 1399, and thus, Professor Serna's use of the word "could" is appropriate
and does not evidence uncertainty in the adequacy of a Mexican forum.  Further,
Professor Serna's affidavit does not consist solely of this one statement, but rather
contains an extended and detailed discussion of the cause of action available under
Article 1399.  Plaintiffs have failed to proffer any testimony regarding Mexican law to
rebut Professor Serna's testimony on this issue, and thus, we hold that Defendants have
met their burden to establish that Mexico is an adequate forum for this litigation as they
have shown that Mexico provides "some potential avenue for redress."  Kamel, 108 F.3d

at 803 (citations omitted).[8]

## III.    Balancing the Interests

After determining that an adequate alternative forum exists, we turn to consider

whether a *forum non conveniens* dismissal would serve the private interests of the parties

and the public interests of the alternative forum.  Stroitelstvo Bulgaria Ltd. v. Bulgarian-

American Enterprise Fund, 589 F.3d 417, 424 (7th Cir. 2009) (citing Kamel, 108 F.3d at

803).  The Supreme Court has identified the following factors to guide this analysis:

> The private interests factors that a court may consider include "the relative
> ease of access to sources of proof; availability of compulsory process for
> attendance of unwilling, and the cost of obtaining attendance of willing,
> witnesses; possibility of view of premises, if view would be appropriate to
> the action; and all other practical problems that make trial of a case easy,
> expeditious and inexpensive." . . . The public interests factors include the
> administrative difficulties stemming from court congestion; the local
> interest in having localized disputes decided at home; the interest in having
> the trial of a diversity case in a forum that is at home with the law that must
> govern the action; the avoidance of unnecessary problems in conflicts of
> laws or in the application of foreign law; and the unfairness of burdening
> citizens in an unrelated forum with jury duty.

Clerides v. Boeing Co., 534 F.3d 623, 628 (7th Cir. 2008) (citing Gulf Oil Corp. v.

Gilbert, 330 U.S. 501, 508-09 (1947)).

---

[8] Plaintiffs also challenge Professor Serna's opinion that a cause of action based on a
theory of strict liability exists under Mexican law pursuant to Articles 1402 and 1422 of the
Code.  Even if Plaintiffs' argument had merit, because we have found that a potential cause of
action is available under Article 1399, the lack of a cause of action based on a theory of strict
liability would not render Mexico an inadequate forum under the *forum non conveniens* analysis.
See, e.g., Gonzalez, 301 F.3d at 379-83 (rejecting plaintiffs' contention that Mexico was an
inadequate forum because of its policies to cap damages and to limit the availability of strict
liability, even to the point at which the lawsuit ceases to become economically viable).

Defendants continue to shoulder the burden of persuasion as to this element of the *forum non conveniens* analysis and must provide sufficient information to enable the court to balance the parties' interests.  <u>Piper</u>, 454 U.S. at 258.  The court must be provided a basis upon which to "scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are crucial, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action."  <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 528 (1988).  Dismissal of a case is appropriate "when a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court."  <u>Kamel</u>, 108 F.3d at 802 (citations omitted).

### A.    Plaintiffs' Choice of Forum

At the outset, the parties dispute the degree of deference to which Plaintiffs are entitled with regard to their choice of forum.  Before being transferred to the MDL, this case was filed in the United States District Court for the District of South Dakota.  Generally, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."  <u>Piper</u>, 454 U.S. at 255 (citing <u>Gulf Oil Corp.</u>, 330 U.S. at 508).  However, the Supreme Court has held that this presumption applies with less force when the plaintiff is a foreign citizen.  <u>Id.</u>

11

Nonetheless, Plaintiffs, who are citizens and residents of Mexico, argue that their choice of forum is entitled to substantial deference, the same level of deference due United States citizens, by virtue of the International Covenant on Civil and Political Rights ("the ICCPR") and the Treaty of Amity, Commerce and Navigation, of which both the United States and Mexico are signatories.  Article 14(1) of the ICCPR provides that: "All persons shall be equal before the courts and tribunals [of all signatory countries]." See In re Bridgestone/Firestone, Inc., 305 F. Supp. 2d at 933; Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 82 (Tex. 2000).  However, applicable case law does not support Plaintiffs' argument.  A number of district courts, including ours, have held that the ICCPR *does not* require courts to give Mexican citizens the same level of deference as U.S. citizens in choosing a forum.  See 305 F. Supp. 2d at 933-34; Dominguez-Cota v. Cooper Tire & Rubber Co., 284 F. Supp. 2d 444, 450 (N.D. Miss. 2003), vacated and remanded on other grounds, 396 F.3d 650 (5th Cir. 2005); Zermeno v. McDonnell Douglas Corp., 246 F. Supp. 2d 646, 661-662 (S.D. Tex. 2003).

As we have noted on other occasions, the difference in level of deference is "not because of chauvinism or bias in favor of [United States] residents," but rather "is the result of the application of a neutral rule comparing the conveniences of the parties, a comparison which properly considers each party's residence."  305 F. Supp. 2d at 934 (internal quotations and citations omitted).  Because Plaintiffs are foreign residents and thus have fewer ties to their chosen forum, South Dakota, we conclude that South Dakota is less likely to be a convenient forum, and therefore, that this factor weighs in favor of

12

dismissal on grounds of *forum non conveniens*.  We now turn to the discussion of the private and public interest factors.

### B.    Private Interest Factors

#### 1.    Relative Ease of Access of Proof

We turn first to the ease of access to sources of proof, including documents and witness testimony.  The relevant sources of proof in this case include evidence of core liability, case-specific liability, and damages.  We address each of these sources of proof, in turn.  Evidence of core liability relates primarily to the design and manufacture of the allegedly defective product and to the timing of Defendants' awareness of the problems. The discovery on these issues completed in the MDL was finished in early 2002. Defendants have consented to the use of all discovery obtained thus far in these proceedings in the United States and in the coordinated pretrial proceedings in MDL 1373 in the Mexican forum and to make that evidence available to Plaintiffs in a Mexican proceeding.  Defendants have also agreed to make any of the witnesses and documents under their control available in Mexico.  Because the discovery related to issues of core liability has already been completed and will be made available in Mexico by Defendants, Plaintiffs would not be inconvenienced in the alternative forum.[9]

Defendants have indicated that they will seek to introduce evidence regarding

---

[9] If the case is dismissed, Defendants have also consented to pay the costs associated with translating any necessary documents into Spanish.

contributory negligence, the negligence of third parties, and lack of causation between any alleged defect and the accident. Evidence of case-specific liability of this type may include testimony of witnesses to the accident, testimony and reports of accident investigators, emergency personnel and records of vehicle maintenance. Evidence regarding damages will likely include medical records and reports. Defendants contend that, because the accident underlying this litigation occurred in Mexico, virtually all of the relevant evidence is located there. The law enforcement officers who investigated the accident and prepared the accident report, along with any possible eyewitnesses are also in Mexico. Defendants maintain that investigation reports, health and treatment records, and vehicle maintenance records will be relevant in this case, all of which are located in Mexico.

Because Defendants have agreed to make the evidence related to design and manufacture available in Mexico and the majority of the remaining evidence relevant to Plaintiffs' claims is located in Mexico, we find that the relative ease of access to proof weighs in favor of dismissal. The fact that the subject automobile is currently located in Houston, Texas, under the control of Plaintiffs' counsel, does not alter our conclusion. Because the vehicle is located in Texas, not Plaintiffs' chosen forum, it would have to be transported to either forum under consideration. Moreover, other courts have held that dismissal is appropriate notwithstanding the fact that the automobile at issue was located in the United States rather than the alternative forum. See Rodriguez v. Ford Motor Co., 2004 WL 2952612, at *5 (S.D. Tex. Nov. 22, 2004).

## 2.     Availability of Compulsory Process

The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses also favors dismissal.  Defendants assert that, because U.S. federal courts have no power of compulsory process over Mexican citizens, key witnesses who reside outside of the United States would be beyond the subpoena range of this Court.  See, e.g., Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 673 (5th Cir. 2003) ("Federal courts have no power of compulsory process over Mexican citizens, including the surviving driver and passenger, police, and mechanics who serviced and maintained the vehicle.").  Although Defendants recognize that testimony of unwilling non-party witnesses could be obtained through letters rogatory, which may be used to secure video depositions of Mexican witnesses unwilling to provide testimony in the United States, they contend that American courts have recognized that the letters rogatory procedure is "expensive and time-consuming."  See, e.g., Torreblanca de Aguilar v. Boeing Co., 806 F. Supp. 139, 144 (E.D. Tex. 1992).

Plaintiffs rejoin that they will be faced with the same problem if the trial is held in Mexico because Defendants cannot ensure the appearance in Mexico of their former employees, non-employees, or employees of other entities.  However, because core MDL discovery has already taken place, much of this information is already in Defendants' control and Defendants have agreed to make that evidence available in Mexico.  Plaintiffs have not indicated what relevant information is not contained in that discovery that would be available only from an unavailable former or non-employee.  See In re

Bridgestone/Firestone, Inc., 305 F. Supp. 2d at 935.  Accordingly, we find this factor to

weigh in favor of dismissal.


###        3.        Ability to View the Accident Scene

Another private interest factor, to wit, the relevance and necessity of the fact finder

having an opportunity to view the accident scene, weighs in favor of dismissal of this case

because the accident occurred on a Mexican roadway.  Defendants contend that access to

the accident site and familiarity with local roadways, topography and environmental

conditions are particularly important in the evaluation of the causes of rollover accidents,

such as the underlying accident in the case at bar.  Plaintiffs rejoin that photographs and

maps of the crash site will be sufficient for such purposes and such evidence would easily

be made available in a U.S. forum.  Although we agree that the opportunity to view the

scene of the accident is of less importance in light of the likelihood that photographs

would be available in either forum, this factor nonetheless weighs in favor of dismissal,

albeit only slightly.  See Piper, 454 U.S. at 242.


###        4.        Other Practical Problems

We also must consider the practical problems presented by trial and consider in

which forum trial could proceed most easily, expeditiously, and inexpensively.  The

enforceability of the judgment is critical to this analysis.  Defendants have agreed to

satisfy any Mexican judgment entered against it, subject only to whatever appellate rights

it may enjoy in that forum.  This concession equalizes the two forum choices with respect

to this issue as any judgment rendered in a U.S. forum could also be easily enforced.

Defendants argue that dismissal would avoid the expense and inconvenience of

extensive translation of documents and witness testimony from Spanish to English.

However, regardless of where the case is tried, some evidence will need to be presented

in translation.  It is true that English translations of eyewitness and medical testimony

would be necessary for proceedings in the United States; but Mexican courts would

require Spanish translations of documents and testimony concerning any alleged defect.

Thus, we find this factor to be largely a wash.

Defendants also contend that they would be unable to implead potential third-party

defendants located in Mexico in an action in the United States because the Mexican third-

party defendants would not be subject to the jurisdiction of the U.S. courts.  This factor

generally weighs in favor of dismissal, although it is not a conclusive factor.  See, e.g.,

Piper, 454 U.S. at 259 (recognizing that joinder of potentially responsible third parties can

be "crucial to the presentation of [a] defense").

Having discussed the various private interest factors, we conclude that these

factors "clearly point towards" dismissal of this case on grounds of *forum non*

*conveniens*.  Access to sources of proof would be greater in Mexican courts as

Defendants have stipulated that they will make their employees as well as documents and

deposition testimony discovered through the MDL available in Mexico and the majority

of the remaining relevant evidence is all located in Mexico.  Moreover, because any third-

party defendants and all of the documentary evidence and eyewitnesses related to

Plaintiffs' accident are located in Mexico, they are outside compulsory process in the

United States.  A Mexican court would also be able to view the accident scene if

necessary while a U.S. court would not.  The remaining private interest factors do not

weigh heavily one way or the other, and thus, the private interest pendulum swings

toward dismissal.


### C.      Public Interest Factors

#### 1.      Court Congestion

Defendants put forth no information regarding the congestion of Mexican courts to

allow us to make an informed comparison or balance on this issue.  Cf. Prevision Integral

de Servicios Funerarios, S.A. v. Kraft, 94 F. Supp. 2d 771, 781 (W.D. Tex. 2000)

("Defendant's description of the [Mexican] alternative is not sufficiently detailed to

permit the Court to make an informed comparison or balance.").  Thus, we find that this

factor does not weigh heavily in favor of either retention or dismissal of the case.


#### 2.      Local Interest

We next address the respective local interests of the forums under consideration.

Defendants contend that the local interest in Mexico far outweighs any local interest in

the United States because the accident occurred on a Mexican roadway and Mexico has a

strong interest in protecting its citizenry and regulating the use of allegedly defective

products within its borders.  Plaintiffs rejoin that product liability claims are directed at

the product (here manufactured in the United States[10]), not the accident location.

However, the Seventh Circuit has suggested that the "strong interest" of the defendant's

home forum is tempered where the plaintiff is a foreign citizen and the defendant is an

American corporation with extensive foreign business dealings.  Kamel, 108 F.3d at 804-

805.  Such is the case here.  Thus, we find that this public interest factor weighs as well in

favor of dismissal of this litigation.


### 3.      Choice of Law

As this Court has previously recognized, "[m]any courts have found that Mexican

law applies to accidents occurring in Mexico and involving Mexican citizens/residents."

In re Bridgestone/Firestone, 305 F. Supp. 2d at 938 (citations omitted).  However, even if

we were to assume, as we did in Lopez I, that the law of a U.S. state applies to this case,

"any difficulty a Mexican court might have in applying U.S. state law, when considered

in light of the other private and public interest factors, does not clearly point toward

retention of [this litigation in the United States]."  Id. at 938-39.


## IV.    Conclusion

For the foregoing reasons, we GRANT Defendants' Motion to Dismiss on grounds

---

[10] We note, however, that, while the product at issue in this litigation was manufactured
in the United States, it was not manufactured in South Dakota, Plaintiffs' chosen forum.

of *forum non conveniens*.  This dismissal without prejudice is conditioned upon

Defendants performing according to the Offer of Assent (Defendants' Exhibit 6)

submitted in connection with the instant motion.

      IT IS SO ORDERED.


Date: _____04/19/2010_____

                                     SARAH EVANS BARKER, JUDGE
                                     United States District Court
                                     Southern District of Indiana

20

Copies to:

Laurie McFarlane Bauer
915 4th Avenue East
Mobridge, SD 57601

Jennifer K. Huelskoetter
BOWMAN & BROOKE LLP
jennifer.huelskoetter@bowmanandbrooke.com

Rory  King
BANTZ GOSH CREMER PETERSON SOMMERS & WAGER
P.O. Box 970
Aberdeen, SD 57402

Mark F. Marshall
DAVENPORT EVANS HURWITZ & SMITH
P.O. Box 1030
Souix Falls, SD 57101

David  McKeand
MCKEAND LAW FIRM
16203 S. Temple
Houston, TX 77095

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com

Vincent M. Roche
DAVENPORT EVANS HURWITZ SMITH LLP
vmr@dehs.com

Eric C. Schulte
DAVENPORT, EVANS, HURWITZ & SMMITH, LLP.
206 W.14th Street
PO Box 1030
Sioux Falls, SD 57101-1030