UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

IN RE BRIDGESTONE/FIRESTONE, INC                    Master File No. IP00-9373-C-B/S
TIRES PRODUCT LIABILITY LITIGATION              MDL No. 1373

VIRGINIA NATHALY PAREDES                )
MENDEZ, et al.,                                        )
                                                              )
                Plaintiffs,                               )        IP02-5571-C-B/S
                                                              )
        vs.                                                  )
                                                              )
BRIDGESTONE/FIRESTONE INC., et. al,  )
                                                              )
        Defendants.                                    )

## ORDER ON PENDING MOTIONS
(Master Docket No. 2447)

        This cause is before the Court on the Motion for Reconsideration [Master Docket

No. 2447] filed by Plaintiffs on July 30, 2004.  For the reasons detailed below, we DENY

Plaintiffs' Motion for Reconsideration.


## Factual Background

        On October 2, 1998, Virginia Nathaly Paredes Mendez ("Virginia") was driving[1] a

1998 Ford Explorer equipped with Firestone Wilderness AT tires on Via Agua Viva, a

---

        [1] Virginia was the authorized driver of the vehicle, which was owned by Ceproi, C.A., a
civil engineering firm owned by Ms. Mendez's parents, Norma and Ezio Gonzales.

1

rural highway in Venezuela, when the left front tire of the vehicle allegedly failed,

causing Virginia to lose control of the vehicle and swerve into oncoming traffic.  The

vehicle then rolled over and was struck in the rear by an oncoming truck.  At the time of

the accident, Victoria Josefina Atencio de Rubio ("Victoria"), Elaina Victoria Rubio

Atencio ("Elaina"), Ezio Jesus Paredes Mendez ("Ezio, Jr."), Norma del Carmen Mendez

de Paredes ("Norma"), Zulennys Yaneth Cadenas Lobo ("Zulennys"), and Isolina del

Carmen Osorio Jimenez ("Isolina"), were all passengers in the Ford Explorer.  Victoria,

Elaina, and Norma died as a result of the accident, and the four remaining occupants of

the vehicle were seriously injured.

While Plaintiffs have a video taken shortly after the accident which documents the

accident scene and the vehicle in its post-accident condition, they are not in possession of

the Firestone tire at issue in this case and thus cannot produce it for expert examination.

Consequently, Bridgestone/Firestone has never had an opportunity to examine the subject

tire.  Defendant Bridgestone/Firestone filed a Motion for Summary Judgment [Master

Docket No. 334] on July 30, 2003, contending that, because the tire was not preserved

and is unavailable for inspection, Plaintiffs cannot meet their burden of proof.  Plaintiffs

rejoin that the tire was returned to Ford[2] as part of the product recall,

Bridgestone/Firestone was involved in the product recall, and thus, should have preserved

the tire.  The motion became fully briefed on September 11, 2003.

---

[2] Plaintiffs have settled all of their claims with Ford Motor Company.

On November 12, 2003, Plaintiffs' counsel moved to withdraw their appearances due to "irreconcilable differences" with Plaintiffs.  On November 19, 2003, Magistrate Judge Shields granted that motion and provided Plaintiffs through and including December 22, 2003, to obtain replacement counsel.  On November 14, 2003, Defendant Bridgestone Corporation filed a Motion for Summary Judgment [Master Docket No. 1381], contending that it did not design, manufacture, or sell the tire at issue and had no control over Bridgestone/Firestone.  Plaintiffs never filed a response to that motion.

On December 22, 2003, on behalf of Plaintiffs, Dr. Jose V. Mendez filed a motion to extend all deadlines in the case.  Dr. Mendez apparently is not an attorney, but claims to be associated with the National Christian Committee for the Defense of Rights of Victims and that he has been granted "power of attorney" to act on behalf of Plaintiffs. On February 6, 2004, Magistrate Judge Shields granted Plaintiffs additional time through and including February 27, 2004, to obtain replacement counsel, but declined to extend any other remaining deadlines related to pending motions.  Further, noting that Dr. Mendez was to the Court's knowledge neither a party to the case, nor an attorney, Judge Shields ordered that all future documents filed be signed either by an attorney of record or one of the plaintiffs and prohibited Dr. Mendez from submitting filings on Plaintiffs' behalf.

On February 27, 2004, Dr. Mendez moved the Court to reconsider its ruling prohibiting Dr. Mendez from representing Plaintiffs and allowing Plaintiffs only through and including February 27, 2004, to obtain replacement counsel.  On April 19, 2004, in a

margin entry, Magistrate Judge Shields denied Plaintiffs' February 27, 2004 motion to reconsider.  On July 30, 2004, Dr. Mendez filed a second Motion for Reconsideration on Plaintiffs' behalf, requesting that the Court reconsider Judge Shields's February 6, 2004 Order.  That second Motion for Reconsideration is before us here.

## **Motion for Reconsideration**

Dr. Mendez's second Motion for Reconsideration filed on July 30, 2004 on Plaintiffs' behalf requests that the Court reconsider Judge Shields's February 6, 2004 Order prohibiting Dr. Mendez from acting as Plaintiffs' representative and extending Plaintiffs' deadline by which they were required to find substitute counsel only through February 27, 2004, rather than until after the Court had ruled on all pending motions.  For the following reasons, we find no justifiable basis on which to reconsider Judge Shields's prior ruling:

We begin with the undisputed fact that Dr. Mendez is neither a party to this case, nor a member of the bar of this court or any other court to our knowledge.  It is clear that an individual may appear in federal court only *pro se* or through counsel.  See 28 U.S.C. § 1654; Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) (holding that litigants may appear only personally or through counsel).  Dr. Mendez contends that, though he is not a licensed attorney, Plaintiffs have given him "powers of attorney" to act on their behalf.  However, it is well settled that a power of attorney does not authorize the holder to practice law.  Johnson v. Bank One N.A., 2004 WL 232081, at

*1 (7th Cir. Feb. 3, 2004) (citing Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997)).  Accordingly, Dr. Mendez, as a non-lawyer, may not represent Plaintiffs in the federal courts, including this one.

Plaintiffs also request that we reconsider Judge Shields's ruling extending the time they were allowed within which to obtain replacement counsel.  As discussed above, on November 19, 2003, Judge Shields granted Plaintiffs' counsel's motion to withdraw and ordered Plaintiffs to secure substitute counsel on or before December 22, 2003.  Judge Shields later extended that deadline to February 27, 2004.  However, Plaintiffs maintain that Judge Shields should have extended the deadline to a time after the Court had ruled on all pending motions.  We find no legal basis for such an extension nor was there an abuse of discretion in setting the schedule that Judge Shields imposed.  Plaintiffs were clearly on notice that they must retain replacement counsel by the deadline and that time table provided them ample opportunity to comply.

For the foregoing reasons, we hold that Magistrate Judge Shields's February 6, 2004 Order was not clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  Accordingly, we DENY Plaintiffs' Motion for Reconsideration.  Plaintiffs are hereby ordered to secure new counsel who must have their appearances on file in this cause within thirty (30) days of the date of this Order or stand to have their case dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Date: _____04/28/2010_____

_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Mark Merkle
Krieg DeVault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204

Mark Herrmann
Jones Day Reavis & Pogue
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Colin P. Smith
Holland & Knight LLC
131 S. Dearborn Street 30th Floor
Chicago, IL 60603

Daniel P. Malone
Butzel Long
150 West Jefferson
Suite 900
Detroit, MI 48226