UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE BRIDGESTONE/FIRESTONE, INC<br>TIRES PRODUCT LIABILITY LITIGATION | Master File No. 1:00-ml-9374 SEB-DML<br>MDL No. 1373 |

MONICA DEL CARMEN GONZALEZ )
SERVIN, et. al, )
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, ) 1:07-cv-5837 SEB-DML
　　　　　　　　　　　　　　　　　　　)
　　vs. )
　　　　　　　　　　　　　　　　　　　)
FORD MOTOR COMPANY., et. al, )
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**ORDER ON PENDING MOTIONS**
(Docket Nos. 11, 19, 20, 33)

This cause is now before the Court on Plaintiffs' Motion for Reconsideration and Motion for Sanctions [Docket No. 11],[1] filed on April 29, 2010; Plaintiffs' Motions for Leave to File a Supplement to the Motion for Reconsideration [Docket Nos. 19 and 20], both filed on July 7, 2010; and Plaintiffs' Summary of Motion for Reconsideration [Docket No. 33], filed on November 12, 2010. On April 19, 2010, we entered an Order

---

[1] In this motion, Plaintiff requests sanctions against Defendants for "dilatory tactics" and "continued delays." Plaintiffs' only specific charge is that Defendants delayed in filing a tag-along notice with the Judicial Panel on Multi-District Litigation for this case when it was first filed in the Northern District of South Dakota in 2005. However, because that argument is not fully developed in Plaintiffs' briefing, we DENY Plaintiffs' Motion for Sanctions. See United States v. Turcotte, 405 F.3d 515, 536 (7th Cir. 2005) ("In this circuit, unsupported and undeveloped arguments are waived.").

1

Granting Defendants' Motion to Dismiss Based on Forum Non Conveniens in the above-captioned cause. Plaintiffs request that we reconsider our findings and analysis related to that ruling.

Upon review of Plaintiffs' motions, we GRANT Plaintiffs' Motions for Leave to File a Supplement to the Motion for Reconsideration, but because we find no manifest error of law or fact in our previous entry, we DENY Plaintiffs' Motion for Reconsideration and Summary of Motion for Reconsideration. We address Plaintiffs' arguments in support of its motions in turn below.

**I.     Judge Kornmann's Decision in the Northern District of South Dakota**

This case was originally filed in the Northern District of South Dakota in 2005. In that forum, in March 2006, Defendant Ford filed a motion to dismiss based on *forum non conveniens*. Defendant Bridgestone/Firestone subsequently filed its own motion that incorporated and adopted the arguments in Ford's motion and memorandum. In our prior entry, we mistakenly indicated that, before these motions were ruled upon, the Multi-District Litigation ("MDL") Panel ordered the transfer of the instant action to this Court. In their motion to reconsider, Plaintiffs point out that Judge Kornmann actually denied those motions before the MDL Panel ordered the transfer.

However, this mistake does not necessitate reconsideration of our prior decision. Judge Kornmann did not make any substantive ruling on the merits of the *forum non conveniens* arguments. Ford's motion filed in that forum was explicitly denied without prejudice, and, while Bridgestone/Firestone's motion was simply "denied," because, as

Defendants argue, that motion merely adopted the same arguments set forth in Ford's motion and memorandum, there is no reason to believe that the denial of Bridgestone/Firestone's motion was intended to have any substantive effect. Therefore, we see no reason to reconsider our ruling on this basis.

**II.     The Court's Reliance on the Opinion of Jose Serna De La Garza**

Plaintiffs next argue that we should reconsider our prior entry because of our reliance upon the opinion of Jose M. Serna De La Garza in making the determination that Mexico is an available and adequate forum. In their motion for reconsideration, Plaintiffs challenge Serna's credentials, claim that they have not had the opportunity to depose Serna, and suggest that his opinion fails to comply with Rule 702 of the Federal Rules of Evidence. However, although Plaintiffs had an opportunity to raise these arguments in response to Defendants' motion to dismiss, they did not do so. In fact, our prior entry specifically notes that Plaintiffs did not challenge Serna's expertise. See Order at 7 n.5. Plaintiffs have given no explanation for their delay in bringing forth these belated challenges to Serna's testimony. Moreover, Plaintiffs provide no explanation as to why, if they believed it was necessary, they did not express interest in or take any steps to depose Serna at any point between March 2006, when they first became aware of Serna's testimony, and April 19, 2010, when the Court entered its ruling on Defendants' motion to dismiss.

It is well-settled that a motion for reconsideration "is not properly utilized 'to advance argument or theories that could and should have been made before the district

3

court rendered a judgment.'" Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 512 (7th Cir. 2007) (quoting LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995)). Accordingly, because Plaintiffs have failed to point us to any newly discovered evidence regarding Serna's qualifications or opinions, we decline to reconsider our prior analysis.

### III.     Plaintiffs' Request to Supplement

Plaintiffs filed their motion for reconsideration on April 29, 2010, ten days after we issued our order granting Defendants' motion to dismiss. On June 22, 2010, more than a month after the May 17, 2010 deadline to file the motion for reconsideration, Plaintiffs moved for leave to supplement their motion with what they described as "newly discovered evidence," to wit, a series of *ex parte* dismissal orders obtained from Mexican courts by plaintiffs in other cases and the affidavit of Armando Garcia Estrada. On June 29, 2010, we issued an order striking Plaintiffs' motion for leave and the proposed supplement based on, *inter alia*, Plaintiffs' failure to comply with the Court's e-filing procedures and rules, allowing Plaintiffs until July 6, 2010 to re-file those documents. Plaintiffs did not meet that deadline, and the next day, on July 7, 2010, they filed the same motion to supplement they had originally filed as well as a second motion to supplement, stating that Plaintiffs were unable to meet the July 6, 2010 deadline because the Court's prior order went to Plaintiffs' counsel's spam folder and counsel also encountered difficulty in utilizing the Court's e-filing system. Although untimely, because it appears the supplemental evidence was properly filed on July 8, 2010, we

4

GRANT Plaintiffs' Motions to Supplement.

However, the supplemental evidence submitted by Plaintiffs does not necessitate reconsideration of our prior ruling. Despite Plaintiffs' representations, none of this evidence is "newly discovered." The dismissal orders Plaintiffs have presented were filed as early as 2005 in other cases that are a part of this MDL and were referenced in 2006 in one of this Court's published opinions. See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig., 470 F. Supp. 2d 919, 920 n.5 (S.D. Ind. 2006). Similarly, the Estrada affidavit that Plaintiffs have submitted was filed in multiple cases in the MDL in 2007. Accordingly, Plaintiffs either were or should have been aware of such evidence long before we issued our ruling on Defendants' motion to dismiss on April 19, 2010. Moreover, since this Court last addressed the Mexican dismissal orders, the Fifth Circuit has found that new evidence regarding, *inter alia*, the advocacy of the Mexican attorney who filed all of the Mexican lawsuits at issue "rather convincingly shows that the *ex parte* orders may be fraudulent." In re Ford Motor Co., 591 F.3d 406, 412 n.10 (5th Cir. 2009), cert. denied, 78 U.S.L.W. 3566 (U.S. June 21, 2010) (No. 09-1124).

In short, Plaintiffs had every opportunity to cite this evidence in its briefing on Defendants' motion to dismiss but, for whatever reason, chose not to do so. This failure does not necessitate reconsideration of our ruling, especially in light of the questionable reliability of the supplemental evidence.

**IV.    The State Department's Travel Warning**

In their Summary of Motion for Reconsideration, Plaintiffs for the first time argue

that the Mexican forum is too dangerous. In support of this proposition, Plaintiffs cite the State Department's issuance of a travel warning for Mexico based on violence between the government and various drug trafficking organizations. <u>See</u> U.S. State Department, Bureau of Consular Affairs, Travel Warning on Mexico (Sept. 10, 2010), <u>available at</u> http://travel.state.gov/travel/cis_pa_tw/tw/tw_4755.html. However, as Defendants point out, the travel warning focuses on conditions in the northern Mexican states along the border with the United States and makes no mention of the Mexican state of Guanajuato, which is located in the highlands of central Mexico and is the place of the accident that is the subject of this litigation. Nor is there any mention in the travel warning about any violence directed at the Mexican court system or any impairment of the functioning of Mexican courts. For these reasons, the travel warning does not necessitate reconsideration of our prior decision.

**V.     Conclusion**

For the reasons detailed above, we <u>GRANT</u> Plaintiffs' Motions to Supplement the Motion for Reconsideration [Docket Nos. 19 and 20]. Finding no manifest error of law or fact in our prior ruling, however, we <u>DENY</u> Plaintiffs' Motion for Reconsideration [Docket No. 11] and Plaintiffs' Summary of Plaintiffs' Motion for Reconsideration [Docket No. 33].

IT IS SO ORDERED.

Date: 02/24/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

- Jennifer K. Huelskoetter
BOWMAN & BROOKE LLP
jennifer.huelskoetter@bowmanandbrooke.com,holly.campbell@bowmanandbrooke.com

- David McKeand
MCKEAND LAW FIRM
mac.mckeand@yahoo.com

- Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

- Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com,pthacker@fbtlaw.com

- Vincent M. Roche
DAVENPORT EVANS HURWITZ SMITH LLP
vmr@dehs.com