UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: BRIDGESTONE FIRESTONE, INC., TIRE PRODUCTS LIABILITY ACTION | |
| This Document Relates to: | |
| PATRICIA MORALES CRUZ, Plaintiff, v. BRIDGESTONE FIRESTONE, INC., ET AL, | Case No: 1:04-cv-5804-SEB-DML |
| GERMAN HERNANDEZ GARCIA, et al., v. BRIDGESTONE FIRESTONE, INC., et al., Defendants. | Case No: 1-04-cv-5819-SEB-DML |

# **Order Dismissing Actions**

I.  Factual and Procedural Background

The facts relevant to the issues now before the court lie primarily in the long procedural history of these two cases and similar cases involving accidents that occurred in Mexico. Both *Cruz* and *Garcia* involve accidents that occurred in Mexico and, notably, they are brought by residents of Mexico. *See Cruz*, No. 04-5804, Dkt. 1 Ex. C ¶¶ 2.1, 4.1; *Garcia*, No. 04-5819, Dkt. 1 Ex. 3 ¶¶ 2.1, 4.1.

    A.    The Defendants' Motions to Dismiss for *Forum Non Conveniens*

In January of 2003, defendant Bridgestone Firestone North American Tire, LLC filed a motion to dismiss, on *forum non conveniens* grounds, the cases then pending in this multidistrict

litigation that arose from accidents that had occurred in Mexico ("FNC Motion"). Defendant Ford Motor Company later joined in that motion. At the time Firestone originally filed its FNC Motion, these two cases had not yet been transferred to this MDL, so the original FNC Motion did not encompass them.

As additional Mexican accident cases, including *Cruz* and *Garcia,* were transferred to this MDL, Ford and Firestone renewed their FNC Motion to direct it to those cases as well. (*See* Master Docket #3142)

B.   This Court's Original FNC Order

On February 27, 2004, this court issued its first substantive ruling on the defendants' FNC Motion. *In re Bridgestone/Firestone, Inc. Tires Products Liability Action,* 305 F.Supp. 2d 927 (S.D. Ind. 2004).[1] That decision, referred to here as "*Lopez I*," did not analyze or directly rule upon the FNC Motion as directed to the *Cruz* and *Garcia* cases. *Lopez I* did, however, make some broad distinctions arguably applicable to other Mexican accident cases. In particular, *Lopez I* denied the FNC Motion with respect to four cases in which the plaintiffs were residents of the United States and granted the FNC Motion as to the claims of all plaintiffs who were not. *Id.* at 939.

---

[1] The Seventh Circuit Court of Appeals subsequently vacated *Lopez I* with respect to one of the plaintiffs, Sofia Lopez de Manez, and remanded so that this court could consider whether dismissal orders that her attorneys had obtained from courts in the Mexican state of Morelos established that those courts were unavailable to her. 420 F.3d at 706-07. On remand, this court renewed its dismissal order in *Lopez I* after refusing to recognize the Morelos orders because they were obtained by fraud. *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Action*, 470 F.Supp. 2d 917, 929 (S.D. Ind. 2006) ("*Lopez II*").

C.  Show Cause Orders Issued in *Cruz* and *Garcia*

Because *Lopez I* had not decided the defendants' FNC Motion as directed to Cruz, Garcia,[2] and several other Mexican accident cases apparently similarly situated to those dismissed by *Lopez I*, the court on January 3, 2007, ordered the plaintiffs in those cases to show cause within 15 days why their cases should not be dismissed for the same reasons. (Master Docket #3671)  The court amended the show cause order on January 9, 2007, to add another Mexican accident case.  (Master Docket #3680)  Cruz and Garcia failed to respond to either of these show cause orders, and neither of those show cause orders has been discharged as to their cases.

Despite these failures, Cruz and Garcia fortuitously received another chance to avoid dismissal on FNC grounds.  On July 16, 2007, this court ruled on the defendants' FNC Motion as directed to several of the Mexican accident cases that had not been part of the *Lopez I* ruling. Primarily on the basis of evidence the plaintiffs in those cases had presented that Mexico did not provide an adequate and available forum, the court denied the defendants' FNC Motion as to those cases.  (Master Docket #3810 ("*Mendoza* Order"))[3]  The *Cruz* and *Garcia* cases were not addressed in this ruling[4] because these plaintiffs had not responded to the earlier show cause orders and because they had not presented any evidence in support of the position that they should not be dismissed consistent with *Lopez I*.  On the same day the *Mendoza* Order was

---

[2]  "Cruz" and "Garcia" refer collectively to the multiple plaintiffs in each of these two cases.

[3]  The continued vitality of the *Mendoza* Order is questionable.  The order—or more technically the transferor court's denial of the defendants' motion to reconsider it—was overturned by the Fifth Circuit Court of Appeals after remand to the Western District of Texas.  By mandamus order, the Fifth Circuit directed the Texas district court to dismiss the *Mendoza* cases on *forum non conveniens* grounds.  *In re Ford Motor Co.,* 591 F.3d 406 (5th Cir. 2009).

[4]  Another case being handled by the same plaintiffs' counsel, *Rodriquez v. Bridgestone/ Firestone et al.*, No. 01-5491, also was not part of this ruling, but it was later voluntarily dismissed and is not at issue here.

entered, the court issued yet another show cause order in the *Cruz* and *Garcia* cases. This time, the show cause order stated in bold, all capitals type:

> **THE FAILURE TO FILE A TIMELY RESPONSE TO THIS ORDER TO SHOW CAUSE WILL RESULT IN THE DISMISSAL OF THESE CASES WITH PREJUDICE.**

Master Docket #3813 ("Third Show Cause Order").

In the Third Show Cause Order, the court also advised that, provided Cruz and Garcia demonstrated their resolve to prosecute their cases, the court would likely deny the FNC Motion as to their cases.[5] Notably, however, this court has not yet ruled on the merits of the FNC Motion in the *Cruz* and *Garcia* cases.

On August 3, 2007, Cruz and Garcia filed what they denominated a "response" to the Third Show Cause Order. That response fell far short of demonstrating a resolve to prosecute their cases. It merely advised that one of the associates working on these cases had left employment, that counsel's inattention "was the result of error and not conscious disregard," and that the plaintiffs desired the court to retain the cases on its docket. (Master Docket #3821) The response lacked any other factual assertions, let alone evidentiary support. And it was filed late, according to the defendants. They filed, on August 17, 2007, a motion to strike it, noting its lateness and its lack of substance. (*See* Master Docket #3828) Over a month later,[6] Cruz and Garcia responded to the motion to strike with a motion to excuse their late filing of a response to the court's Third Show Cause Order. That motion provides a vague excuse for the delay in

---

[5] That comment was based on the conclusion in the *Mendoza* Order, which, as noted above and discussed further below, is no longer the law of the case for the cases it decided, and its analysis no longer applies to this case.

[6] This was long after the deadline imposed by the court's Local Rules for responding to the motion to strike.

4

filing, but no further substance. It offers no explanation for the failure to address the two earlier show cause orders. This court has not discharged the Third Show Cause Order.

        D.        <u>Supplemental FNC Filings in *Cruz* and *Garcia*</u>

As noted above, this court has not ruled on the merits of the defendants' FNC Motion in *Cruz* and *Garcia,* nor has it discharged its show cause orders. And since the *Mendoza* Order, the defendants have supplemented their FNC Motion in *Cruz* and *Garcia* on the basis of subsequent legal and factual developments.

First, in June 2010, the defendants filed their Supplemental Memorandum in Support of Motion to Dismiss for *Forum Non Conveniens*. (CM/ECF Docket #2) That supplemental filing pointed out, among other things, the subsequent Fifth Circuit ruling on the *Mendoza* Order[7] and this court's dismissal on *forum non conveniens* grounds of another Mexican accident case factually indistinguishable from *Cruz* and *Garcia*. *See id.* (citing *Gonzalez Servin v Ford Motor Co.,* 2010 WL 1576831 (S.D. Ind. Apr. 19, 2010), reconsideration denied, 2011 WL 767713 (S.D. Ind. Feb 24, 2011)). Cruz and Garcia ignored this filing, as they have almost all other filings and orders, and have never offered a substantive response.

Second, the defendants recently—on March 14, 2011—filed their Second Supplemental Memorandum and Newly-Discovered Evidence in Support of Motion to Dismiss Based on *Forum Non Conveniens*. (CM/ECF Docket #3) That supplemental filing focused primarily on new evidence that calls into question the evidence some plaintiffs have relied upon to argue that Mexico is not an adequate and available forum. The time for response to that filing has come and gone, and Cruz and Garcia have again made no response.

---

[7]   *See supra* note 3.

II. Analysis

    A.    <u>Dismissal for failure to prosecute is appropriate.</u>

In light of these plaintiffs' repeated failures to do anything to advance their cases (including their failure to respond at all to two earlier show cause orders), the court explicitly directed them to demonstrate their intent to prosecute their cases. Although the court need not determine whether their response was untimely (even though the plaintiffs assumed they'd filed late),[8] it said nothing beyond a bare request that the court leave the cases on its docket. And the inadequacy of that response is further revealed in all that has happened (or not happened) since it was filed.

The defendants have advised the court that "[t]he plaintiffs have taken no action whatsoever to prosecute their claims in the almost three years since they moved for leave to file a late response to the [Third Show Cause Order]." (CM/ECF Docket # 2 at p. 9) That assertion has gone unanswered by the plaintiffs, and the court concludes that they plainly have not prosecuted their claims and do not intend to do so. Discharge of the Third Show Cause Order is therefore denied and these cases are dismissed for failure to prosecute.

    B.    <u>Dismissal on *forum non conveniens* grounds is warranted.</u>

As explained in the background section of this order, the court has not yet ruled on the defendants' FNC Motion directed to these two cases. Its ruling must, of course, be driven by the facts and arguments advanced in these two cases, as well as by the current state of the law on the issues presented. For several reasons, dismissal of *Cruz* and *Garcia* is warranted at this time.

First, based on the facts and record in this case—specifically, the fact that the plaintiffs are residents of Mexico and their accidents occurred in Mexico—this court's holding in *Lopez I*

---

[8] The defendants' motion to strike that filing did not address whether Fed. R. Civ. P. 6(d) applied to the time computation.

should control resolution of the FNC Motion. Second, the facts presented here also fall squarely within the analysis this court recently employed in *Gonzalez Servin* in dismissing on *forum non conveniens* grounds. Third, Cruz and Garcia cannot rely on the *Mendoza* Order to avoid *forum non conveniens* dismissal. That order was effectively overturned on appeal by the Fifth Circuit after remand. Moreover, though nothing strictly precludes this court from crediting the arguments it accepted in the *Mendoza* Order, this case is distinguishable from *Mendoza* because, like the plaintiffs in *Gonzalez Servin*, Cruz and Garcia have offered no evidence to rebut the defendants' proof that Mexico is an available and adequate forum.[9] Finally, like the *Mendoza* cases, *Cruz* and *Garcia* will return on remand by the MDL Panel to the Western District of Texas. By virtue of the Fifth Circuit Court of Appeals mandamus order in the *Mendoza* cases (591 F.3d 406), the ultimate dismissal of these cases on *forum non conveniens* grounds would be nearly inevitable.

III. Conclusion

Discharge of the court's show cause order to the plaintiffs (Master Docket 3813) is DENIED, and these actions are DISMISSED WITH PREJUDICE for failure to prosecute. Further, the defendants' Motion to Dismiss for *Forum Non Conveniens* (Master Docket # 3142) is GRANTED. All other pending motions are DENIED AS MOOT.

So ORDERED.

Date: ___03/31/2011___

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[9] Indeed, in *Gonzalez Servin,* the plaintiffs had at least challenged the defendants' arguments on this issue. In *Cruz* and *Garcia,* the plaintiffs have offered neither evidence nor argument.

Distribution:

Kevin Schiferl
Nelson Alexander
**FROST BROWN TODD LLC**
201 North Illinois Street, Suite 1000
Post Office Box 44961
Indianapolis, Indiana 46244

Michael W. Eady
Wade Crosnoe
**THOMPSON COE COUSINS & IRONS, L.L.P.**
701 Brazos Street, Suite 1500
Austin, Texas 78701

Leon Fresco, leon.fresco@hklaw.com
Colin Smith
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, Suite 3000
Chicago, Illinois 60603

Mark J. R. Merkle
**KRIEG DEVAULT LLP**
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204

Knox D. Nunnally
Phillip B. Dye, Jr.
**VINSON & ELKINS, L.L.P.**
First City Tower
1001 Fannin Street, Suite 2500 Houston, Texas 77002

Robert Schell
**Law Office of Mark A. Cantu**
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

Randall Riggs
**Locke Reynolds LLP**
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, Indiana 46244

Danielle H. Shields
**Thompson Coe Cousins & Irons**
One Riverway, Suite 1600
Houston, Texas 77056